IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00133-BNB

GENE JOHNSON,

    Applicant,

v.

DR. LENNART ABEL,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Gene Johnson, is a pretrial detainee who currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated the instant action by filing *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has paid the $5.00 filing fee. Although he fails to ask for relief, he apparently disagrees with the manner in which his state criminal case is being handled.

The Court must construe the habeas corpus application liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Johnson alleges that state criminal charges as an accessory to homicide are pending against him. As his one and only claim of discrimination, he asserts that "Dr. Abel have [sic] lied to me about my Incompetency Evaluation test, I'm to take every 3

months (denying me) so the D.A., and police have time to make up evidence so they can convict me." Application at 5, ¶ 3.

Mr. Johnson is asking this Court to intervene in the pending state court criminal proceedings. The Court may not do so. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Johnson does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing state court criminal proceedings. The fact that a criminal defendant may be forced to appear, and even delayed in appearing, in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Johnson ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

2

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 45 (1971). It is

FURTHER ORDERED that the motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 filed January 30, 2008, is denied as unnecessary.

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02430-BNB

Gene Johnson
Prisoner No. A-0232534
CMHIP
1600 West 24th Street (F-4)
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/15/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk